UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

WINIFRED SPITZA,
a citizen and resident of Kentucky,

Plaintiff,

vs.

CARNIVAL CORPORATION,
a Panamanian Corporation d/b/a
CARNIVAL CRUISE LINES,

Defendant.
_______________________________________/

**COMPLAINT**

Plaintiff, WINIFRED SPITZA, a citizen and resident of Kentucky, hereby sues Defendant CARNIVAL CORPORATION, a Panamanian Corporation with its principal place of business in Florida doing business as CARNIVAL CRUISE LINES ("Defendant CARNIVAL"), and alleges the following:

**JURISDICTION, VENUE AND PARTIES**

1. This is an action for damages in excess of seventy-five thousand ($75,000.00) dollars, exclusive of interest and costs.

2. Plaintiff, WINIFRED SPITZA, is a resident and citizen of Kentucky, and is otherwise *sui juris*.

3. Defendant, CARNIVAL, is a Panamanian corporation with its principal place of business in Miami-Dade County, Florida. Defendant CARNIVAL is both a citizen of Panama and a citizen of Florida for purposes of determining subject matter jurisdiction over this action.

4. At all material times Defendant CARNIVAL CORPORATION, LLC was operating under the fictious name "CARNIVAL CRUISE LINES" ("CARNIVAL").

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332, based on diversity of citizenship. Plaintiff is a resident and citizen of Kentucky, while Defendant is a citizen of Panama and Florida. The damages and injuries suffered by Plaintiff support an award of damages in excess of $75,000.00, exclusive of interest and costs.

6. At all material times, Defendant CARNIVAL has conducted ongoing substantial and not isolated business activities in Miami-Dade County, Florida, in the Southern District of Florida, so that *in personam* jurisdiction over Defendant exists in the United States District Court for the Southern District of Florida.

7. At all material times, Defendant CARNIVAL was, and is, engaged in the business of operating maritime cruise vessels for paying passengers, including the Plaintiff.

8. In the operative ticket contract, Defendant CARNIVAL requires fare paying passengers such as the Plaintiff to bring any lawsuit against it arising out of injuries or events occurring on the cruise voyage in this federal judicial district, and venue is proper in this Court.

9. Venue is also proper because Defendant CARNIVAL's principal place of business is located within this judicial district.

10. Plaintiff has complied with all conditions precedent to bringing this action, including providing Defendant CARNIVAL with timely notice as required by the ticket contract.

**<u>LIABILITY AND DAMAGE ALLEGATIONS COMMON TO ALL COUNTS</u>**

11. At all material times, Defendant CARNIVAL was engaged in the business of operating maritime cruise vessels for fare paying passengers and for this purpose operated, among other vessels, the "MARDI GRAS."


GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

12. At all material times, Defendant CARNIVAL operated, managed, maintained and was in exclusive control of the MARDI GRAS.

13. On January 6, 2023, Plaintiff was a fare paying passenger aboard the MARDI GRAS and in that capacity was lawfully present aboard the vessel.

14. On January 6, 2023, Plaintiff was walking to her cabin in the mid-ship common passenger walkway on Deck 9 of the MARDI GRAS, when she unexpectedly encountered an unmarked/concealed bulge or change in the elevation of the carpeted floor surface which caused her to trip and fall, thereby sustaining serious injuries, including a severely torn rotator cuff which required surgical repair. There were no signs or markings to warn passengers, including Plaintiff, of the sudden change in the floor's elevation, which was visually concealed and indistinguishable from the surrounding floor due to the patterned, multi-color design of the carpet.

15. At all material times a dangerous condition existed on the floor referenced in Paragraph 14 above, to-wit: an uneven and unmarked/concealed bulge or sudden change in elevation of the carpeted floor surface in the passenger walkway area on Deck 9 of the MARDI GRAS. The uneven, concealed, poorly designed change of elevation in the hallway presents hazards that are not open and obvious to passengers, including Plaintiff, who cannot reasonably perceive any visual cues as to the sudden change in elevation, which is indistinguishable from the surrounding floor.

16. CARNIVAL directly participated in and approved the designs for the interior areas of the subject vessel, including the selection of flooring materials for the public areas onboard the ship, including the passenger hallway referenced in the preceding two paragraphs.

17. CARNIVAL knows or in the exercise of reasonable care should know that a failure adequately to alert passengers to changes in elevation in onboard passenger walkways creates a


GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

hazardous condition for passengers, including a risk of trip and fall incidents such as the Plaintiff's trip and fall alleged above, and has therefore developed detailed rules, policies, and procedures (SMS policies and procedures) to alleviate the known risk, including but not limited to the placement of warnings and caution signs and/or other physical indicators to alert passengers to changes in elevation and ultimately to minimize the risk of the very injury suffered by Plaintiff as alleged herein. Upon information and belief, these internal standards were created and/or approved of by CARNIVAL and provide circumstantial or direct evidence that .CARNIVAL at all material times knew of the hazard posed by concealed or unmarked sudden changes in elevation in common passenger walkways.

18. At all material times prior to January 6, 2023, CARNIVAL had actual and/or constructive notice of the dangerous condition described in Paragraph 15 because sudden, unforeseeable changes of elevation in common passenger walkways are a repetitive and recurring issue on CARNIVAL cruise ships fleetwide. Specifically, CARNIVAL was aware of prior trip and fall incidents caused by sudden changes of elevation on similar patterned carpeted walkways located on passenger cabin decks on multiple cruise ships in CARNIVAL's fleet, including, but not limited to the following instances:

a. On June 27, 2016, cruise passenger M.R. tripped and fell while traversing the carpeted common hallway of a passenger cabin deck onboard the CARNIVAL "SUNSHINE" due to a sudden concealed and inadequately marked change in elevation of the carpeted floor surface. *Rembert v. Carnival Corporation*, Case No. 1:17-cv-22074.

b. On September 4, 2016, cruise passenger J.R. tripped and fell over a bulge in the carpeted floor surface while traversing the common hallway of a passenger cabin


GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

deck onboard the CARNIVAL "VISTA" due to the sudden concealed or inadequately marked change in elevation of the carpeted floor surface. *Robinson v. Carnival Corporation*, Case No. 1:17-cv-22920.

c. On January 12, 2019, cruise passenger J.C. tripped and fell over an unmarked, concealed bulge in the carpeted floor surface while traversing the common hallway of a passenger cabin deck onboard the CARNIVAL "HORIZON" due to the sudden change in elevation of the carpeted floor surface. *Corgiat v. Carnival Corporation*, Case No. 1:19-cv-20577.

d. On April 1, 2019, cruise passenger A.H. tripped and fell over an unmarked, hidden bulge in the carpeted floor surface while traversing the common hallway of a passenger cabin deck onboard the M/S "VICTORY" (now known as the M/S "RADIANCE") due to the sudden change in elevation of the carpeted floor surface. *Hoddor v. Carnival Corporation*, Case No. 1:20-cv-21065.

e. On August 24, 2019, cruise passenger W.C. tripped and fell over an uneven floor surface while traversing the common hallway of a passenger cabin deck onboard the CARNIVAL "DREAM" due to the sudden change in incline of the carpeted floor surface, which was indistinguishable from the surrounding flooring, just as the change of elevation in this case was indistinguishable from the surrounding flooring from the viewpoint of reasonable passengers. There were no warnings, handrails, or any signs to illustrate the change in elevation to passengers traversing the area. *Cook v. Carnival Corporation*, Case No. 1:20-cv-21803.

f. On June 6, 2022, cruise passenger J.K. tripped and fell while traversing the common hallway of a passenger cabin deck onboard the CARNIVAL "SUNRISE" due to an


GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

unmarked, uneven, and unexpected incline in the elevation of the carpeted floor surface. There were no signs or markings to warn passengers, including J.K., of the sudden change in elevation. *Kendall v. Carnival Corporation*, Case No. 1:23-cv-22921.

g. On September 10, 2022, cruise passenger M.M. tripped and fell while traversing the common hallway of a passenger cabin deck onboard the CARNIVAL "RADIANCE" due to the unexpected and unmarked/concealed change in elevation of the carpeted floor surface. The change in elevation was difficult to perceive due to the pattern of the carpet selected by CARNIVAL, and there were no warnings or other indications that would have reasonably communicated the sudden change of elevation/slope to passengers traversing the area. *Maglanque v. Carnival Corporation*, Case No. 1:23-cv-23386.

19. Further, as a result of the high traffic nature of this passenger walkway, its status as a designated evacuation route, and the possible hazards flowing therefrom, a number of agencies have developed safety standards and regulations applicable to this or similar passenger walkways, specifically related to changes of elevation and the required warnings near their presence. The standards in and of themselves constitute supplemental constructive notice that conditions in violation of the standards are hazardous, a fact which is exacerbated by prior incidents revealing to CARNIVAL that the change of elevation was in fact deficient in these areas. Such further notice is evinced by the following:

a. The subject common area pedestrian walkway was a designated handicap accessible route which CARNIVAL is required to keep free of obstacles in accordance with industry guidelines, including but not limited to the ADA;


GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

b. The common area pedestrian walkway was a designated evacuation route which CARNIVAL is required to keep free of obstacles in accordance with industry guidelines, including but not limited to the International Maritime Organization (IMO) and Safety of Life at Sea Act ("SOLAS"), including SOLAS Part C, Regulation 13, subpart 1.1 "safe escape routes shall be provided.") and subpart 1.2 ("escape routes shall be maintained in a safe condition clear of obstacles.");

c. SOLAS regulation II-2/13 which requires CARNIVAL to conduct an analysis of evacuation on cruise ships in order to identify and eliminate potential hazards;

d. The American Society for Testing and Materials (ASTM) Standard ASTM–1637-95, titled "Standard Practice for Safe Walking Surfaces," provides in relevant part:

    i. "Carpet shall be maintained so as not to create a pedestrian hazard." ASTM–1637-95, ¶ 4.3.1 (1995 ed.);

    ii. "Carpet on floor surfaces shall be routinely inspected". ASTM–1637-95, ¶ 4.3.2 (1995 ed.).

e. Other industry standards, which CARNIVAL knew or should have known, applicable to providing and maintaining safe walkways and floor materials on its cruise ships, including the MARDI GRAS, under ASTM, the American National Standards Institute (ANSI), and the ISM Code and Regulations.

20. As a direct and proximate result of the fall described in Paragraph 14, the Plaintiff was injured in and about her body and extremities, sustaining injuries including a severely torn rotator cuff requiring surgical repair, and suffered pain therefrom, and sustained mental anguish, disfigurement, disability and the inability to lead a normal life, and aggravation or activation of preexisting conditions. Furthermore, she incurred medical, hospital, and other out of pocket and

health care expenses in the past and is reasonably certain to occur such expenses in the future as a result of her injuries. The Plaintiff has also suffered lost wages and benefits in the past and a loss of future earning capacity. These damages are permanent or continuing in their nature and the Plaintiff will continue to sustain and incur these damages in the future.

**COUNT I – NEGLIGENT MAINTENANCE**

21. The Plaintiff adopts, re-alleges, and incorporates by reference the allegations of Paragraphs 1 through 20 above and further alleges:

22. At all material times, the Defendant owed the Plaintiff, as a fare-paying passenger lawfully on board a passenger vessel it operated, a duty of reasonable care, including the duty to take reasonable steps to maintain the common passenger walkway on Deck 9 of the MARDI GRAS where Plaintiff fell in a reasonably safe condition.

23. On January 6, 2023, Plaintiff was walking on Deck 9 of the MARDI GRAS when she tripped and fell over an unmarked, concealed bulge or change in elevation of the carpeted floor surface of the common passenger walkway, as alleged in Paragraph 14 above.

24. At all material times, a dangerous condition existed on the floor as described in Paragraph 15 above.

25. As described in Paragraphs 16 through 19 above, at all material times, CARNIVAL either knew or should have known of the dangerous condition in the area where the Plaintiff tripped and fell, or in the exercise of reasonable care should have known of the condition, due to (a) CARNIVAL's role in the designing and inspection of the subject area prior to the subject incident, (b) prior trip and fall incidents sustained by passengers onboard CARNIVAL's cruise ships involving the same or similar indiscernible change in elevation of carpeted floor surfaces in common walkways of passenger cabin decks, and/or (c) CARNIVAL's analysis of high-traffic


GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

areas and evacuation routes on its cruise ships in order to identify and eliminate potential hazards, such as the one encountered by Plaintiff, as required by SOLAS and provided by other applicable industry standards.

26. Alternatively, the foregoing conditions existed for a sufficient length of time so that CARNIVAL, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them.

27. On January 6, 2023, CARNIVAL breached its duty to Plaintiff by failing to take reasonable safety measures to maintain the floor where Plaintiff tripped and fell in a reasonably safe condition and was thereby negligent, in one or more of the following ways:

a. Failing to maintain the floor surface in a reasonably safe manner;

b. Failing to sufficiently monitor and perform routine inspections of the area where Plaintiff fell so that the walkway could be used in a reasonably safe manner;

c. Failing to sufficiently monitor and perform routine inspections of the area where Plaintiff fell so that the walkway would be free of dangerous and defective conditions;

d. Failing to sufficiently monitor and perform routine inspections of the area where Plaintiff fell so that the walkway would be free of tripping hazards;

e. Failing to adequately maintain the subject area so that it would be free of dangerous and defective conditions;

f. Failing to adequately maintain the subject area so that it would be free of tripping hazards; and/or

g. Failing to comply with industry standards designed to detect and eliminate


GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

potentially hazardous and dangerous conditions, such as the one encountered by Plaintiff, as required by SOLAS.

28. As a direct and proximate result of one or more of CARNIVAL's negligent acts as described above, the Plaintiff has sustained and continues to sustain the damages alleged in Paragraph 20 above.

**WHEREFORE**, Plaintiff demands judgment against Defendant CARNIVAL for compensatory damages, interest and the costs of this action and further demands trial by jury of all issues so triable as of right.

## COUNT II – NEGLIGENT FAILURE TO CORRECT

29. The Plaintiff adopts, re-alleges, and incorporates by reference the allegations of Paragraphs 1 through 20 above and further alleges the following matters:

30. At all material times, CARNIVAL owed Plaintiff, as a fare paying passenger, a duty of reasonable care for her safety, including a duty to correct dangerous conditions of which it knew or should have known about in the exercise of reasonable care.

31. On January 6, 2023, Plaintiff was walking on Deck 9 of the MARDI GRAS when she tripped and fell over an unmarked, concealed bulge or change in elevation of the carpeted floor surface of the common passenger walkway, as alleged in Paragraph 14 above.

32. At all material times, a dangerous condition existed on the floor as described in Paragraph 15 above.

33. As described in Paragraphs 16 through 19 above, at all material times, CARNIVAL either knew or should have known of the dangerous condition in the area where the Plaintiff tripped and fell, or in the exercise of reasonable care should have known of the condition, due to (a) CARNIVAL's role in the designing and inspection of the subject area prior to the subject incident,


GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

(b) prior trip and fall incidents sustained by passengers onboard CARNIVAL's cruise ships involving the same or similar indiscernible change in elevation of carpeted floor surfaces in common walkways of passenger cabin decks, and/or (c) CARNIVAL's analysis of high-traffic areas and evacuation routes on its cruise ships in order to identify and eliminate potential hazards, such as the one encountered by Plaintiff, as required by SOLAS and informed by other applicable industry standards.

34. Alternatively, the foregoing conditions existed for a sufficient length of time so that CARNIVAL, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them.

35. On January 6, 2023, CARNIVAL breached its duty to Plaintiff by failing to take reasonable safety measures to correct the dangerous condition described in Paragraph 15, and was thereby negligent in one or more of the following ways:

a. Failing to inspect and correct the condition of the floor surface in the area where Plaintiff tripped and fell so as to prevent trip and fall hazards;

b. Failing to rectify, repair, cordon off and/or ameliorate the uneven elevation of the floor surface of the subject walkway on Deck 9 of the MARDI GRAS;

c. Failing to employ handrails to provide a means for passengers to safely traverse the subject walkway in light of the change in elevation of the floor surface;

d. Failing to implement and/or enforce adequate policies and procedures to ensure that the floor surface where Plaintiff tripped and fell was safe so as to prevent trips and falls from occurring;

e. Failing to adequately train its crew to correct and/or remedy tripping hazards on the floor surface in the area where Plaintiff tripped and fell;



GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

f. Failing to correct, replace or repair the design or pattern of the carpeted surface in the subject area to eliminate or ameliorate the concealed change in elevation.

36. As a direct and proximate result of CARNIVAL's negligence as described above, the Plaintiff tripped and fell as described in Paragraph 14 above and as a proximate result has sustained and will continue in the future to sustain the damages alleged in Paragraph 20 above.

**WHEREFORE**, Plaintiff demands judgment against Defendant CARNIVAL for compensatory damages, interest and the costs of this action and further demands trial by jury of all issues so triable as of right.

**COUNT III – NEGLIGENT FAILURE TO WARN**

37. The Plaintiff adopts, re-alleges, and incorporates by reference the allegations of Paragraphs 1 through 20 above and further alleges the following matters:

38. At all material times, CARNIVAL owed the Plaintiff, as a fare-paying passenger lawfully on board a passenger vessel it operated, a duty of reasonable care, including the duty to take reasonable steps to warn passengers of onboard tripping hazards its passengers may reasonably be expected to encounter on the MARDI GRAS.

39. On January 6, 2023, Plaintiff was walking on Deck 9 of the MARDI GRAS when she tripped and fell over an unmarked, concealed bulge or change in elevation of the carpeted floor surface of the common passenger walkway, as alleged in Paragraph 14 above.

40. At all material times, a dangerous condition existed on the floor as described in Paragraph 15 above.

41. At all material times CARNIVAL knew or should have known that the common passenger walkway referenced in Paragraph 14 above was in a condition unreasonably dangerous for passengers for the reasons alleged in Paragraphs 16 through 19 above, including through prior


GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

similar incidents, the recurring nature of the condition, its participation in the approval of the conditions of the subject walkway, its internal protocols and procedures, and through applicable regulations and relevant industry standards.

42. Alternatively, the foregoing conditions existed for a sufficient length of time so that CARNIVAL, in the exercise of reasonable care under the circumstances, should have learned of them and warned passengers adequately of them.

43. On January 6, 2023, CARNIVAL breached its duty to Plaintiff by failing to warn of the condition of the walkway surface, including the area where Plaintiff tripped and fell, and was thereby negligent, in one or more of the following ways:

a. Failing to warn of the concealed change in elevation of the floor surface of the subject walkway through written or orally delivered warnings;

b. Failing to place appropriate signage, markings, stickers, lights, or other visual notices near the uneven walkway to indicate the presence of the change of elevation that blends in with the surrounding floor surface.

44. As a direct and proximate result of CARNIVAL's negligence as described above, the Plaintiff tripped and fell in the common passenger walkway as described in Paragraph 14 above, and as a proximate result has sustained and will continue in the future to sustain the damages alleged in Paragraph 20 above.

**WHEREFORE**, Plaintiff demands judgment against Defendant CARNIVAL for compensatory damages, interest and the costs of this action and further demands trial by jury of all issues so triable as of right.

**DEMAND FOR JURY TRIAL**

The Plaintiff hereby demands trial by jury of all issues so triable as of right.


GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

Dated: January 24, 2024

***/s/PHILIP M. GERSON***
PHILIP M. GERSON
Florida Bar No. 127290
pgerson@gslawusa.com
filing@gslawusa.com
NICHOLAS I. GERSON
Florida Bar No. 0020899
ngerson@gslawusa.com
EDWARD S. SCHWARTZ
Florida Bar No. 346721
eschwartz@gslawusa.com
DAVID L. MARKEL
Florida Bar No. 78306
dmarkel@gslawusa.com
BRANDON VOLK
Florida Bar No. 1019012
bvolk@gslawusa.com
STEPHEN P. MATHENY
Florida Bar No. 1049813
smatheny@gslawusa.com
**GERSON & SCHWARTZ, P.A.**
1980 Coral Way
Miami, Florida 33145
Telephone: (305) 371-6000
Facsimile: (305) 371-5749
*Attorneys for Plaintiff*